**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| CRAIG CUNNINGHAM,<br>Plaintiff,<br><br>v.<br><br>MARK D. GUIDUBALDI & ASSOCIATES LLC, DBA PROTECTION LEGAL GROUP,<br>AND CORPORATE BAILOUT LLC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Case No.:   3-17-CV-1238<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. The Plaintiff in this case is Craig Cunningham, a natural person and the acts complained of occurred in Dallas County, Texas at all times relevant to the Complaint.

2. Defendant Mark D. Guidubaldi & Associates, LLC, d/b/a Protection Legal Group, LLC ("PLG"), is an Illinois limited liability company with a principal place of business in Schaumburg, Illinois. The members of PLG at the time of this action are citizens of Illinois and Pennsylvania. PLG may be served via its registered agent at 1259 N. Wood Street, Apt. 101, Chicago, Illinois 60622.

3. Defendant Corporate Bailout, LLC ("Corporate Bailout"), is a New Jersey limited liability company with a principal place of business in Somerville, New Jersey. The members of Corporate Bailout at the time of this action are citizens of New Jersey. Corporate Bailout may be served via its registered agent, Process Fulfillment at 100 Charles Ewing Blvd., Ste. 160, Princeton South Corporate Center, Ewing, New Jersey 08628.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties, and Plaintiff seeks damages in excess of $75,000 as alleged herein.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has personal jurisdiction over Defendants because Defendants conducts significant amounts of business within this District and would reasonably be expected to be haled into this district.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District.

## FACTUAL ALLEGATIONS

13. In 2016 and 2017, the Plaintiff received multiple phone calls to the Plaintiff's cell phones which connected the Plaintiff to an agent. These calls were unsolicited and unwanted by Plaintiff. The calls were either made by the corporate entity defendants individually, on behalf of the corporate entities, or by corporate entity defendants acting as alter egos of the corporate entities. At least fifty phone calls were made as of the date of this Complaint, but Plaintiff believes that many more were attempted, and is continuing to compile additional calls. Calls attributable to Defendants that Plaintiff can currently document are as follows:

**To Plaintiff's cell phone number 615-331-7262**:

718-305-4564 on 10/4/16, 10/6/16, 10/10/16, 10/17/16, 10/18/16 (3), 10/20//16, 10/25 (2), 10/26/16

732-708-4341 on 10/10/16, 10/14/16 (2), 10/17/16, 10/20/16, 10/26/16 (3), 11/7/16, 11/14/16

828-291-8870 on 11/1/16

212-365-5700  11/1/16 (6), 11/2//16, 11/7//16 (3), 11/8/16, 11/16/16 (2), 11/18/16, 11/22/16, 12/22/16

718-280-1173 11/30/16, 12/5/16 (2), 12/6/16, 12/7/16 (3), 12/9//16

732-926-4173 11/29/16, 12/13/16, 12/21/16, 12/27/16, and 1/12/17, 1/18/17, 1/25/17, 2/8/17

732-926-4186 12/2/16 (2), 1/9//17, 1/13//17, 1/16/17 (2), 2/2/17, 2/14/17, 2/15/17

## To Plaintiff' Cell phone number 615-212-9191

 202-969-1619 on 11/17/2016

## To the Plaintiff's Cell phone number 615-348-1977

931-295-0038 on 2/16/2017

   14.   Many of the calls started with a pre-recorded message after several seconds of dead air time.

   15.   When the calls connected to an agent, the Plaintiff was told that he was called by the defendants and told that according to UCC filings, they had noticed the Plaintiff had several merchant cash advance loans out. In reality, there are no UCC filings, and the Plaintiff has no merchant cash advance loans outstanding. In every call, the Plaintiff noticed a delay between

answering the phone and the call connecting with a live person, which is characteristic of an automated telephone dialing system.

16. These are just some of many harassing calls the Plaintiff has received and as Defendants are just content to knowingly call what could be wrong numbers, or uninterested individuals and are blanketing the nation with these unsolicited calls.

17. The Defendants also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b)

18. The calls violated 47 USC 227(b) as the calls were initiated using an automated telephone dialing system and pre-recorded message and were placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

19. The calls violated 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. Furthermore, the defendants do not maintain an internal do-not-call list and have not trained their agents on the use of an internal do-not-call list.

20. Additionally, in the above referenced telephone calls, Defendants and their agents falsely claimed to have information regarding alleged UCC filings of Plaintiff, which don't exist and were never made.

21. These calls were knowingly and willfully placed and the Defendants had or should have ascertained they were calling the wrong person.

## ACTUAL DAMAGES

22. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

- Reduced Device storage space;

- Data usage;

- Plan usage;

- Lost time tending to and responding to the unsolicited texts;

- Invasion of Privacy and loss of concentration.

## CAUSE OF ACTION:

## Violations of the Telephone Consumer Protection Act (TCPA)

1. Plaintiff hereby incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

1. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's cell phone.

## PRAYER

1. WHEREFORE, Plaintiff, Cunningham respectfully prays and requests that judgment be entered against Defendants as follows:

2. Statutory damages of $3,000 for each phone call

3. $1,000,000 in actual damages

4. Pre-judgment interest from the date of the phone calls.

5. Injunctive relief enjoining Defendants from placing any further telephone calls to Plaintiff's mobile telephones.

6. Attorney's fees for bringing this action as incurred;

7. Costs of bringing this action; and

8. For such other and further relief as the Court may deem just and proper.

Plaintiff's Original Complaint – Page 5

Dated: May 7, 2017

                                        */s/ Aaron K. Mulvey*_____

                                    Aaron K. Mulvey
                                    **The Law Offices of Aaron K. Mulvey, PLLC**
                                    **State Bar No.** 24060309
                                    518 N. Manus Dr.
                                    Dallas, TX 75224
                                    Tel: 214-946-2222
                                    Aaron@MulveyLaw.com